IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America,<br><br>v.<br><br>George Edward Mitchum | Crim. No. 4:08-cr-01174-TLW<br><br>**Order** |

This matter is before the Court on Defendant George Edward Mitchum's pro se motion for a sentence reduction under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 204. For the reasons set forth below, Defendant's motion is denied.

## BACKGROUND

On September 18, 2009, a jury convicted Defendant on several counts of the Indictment: 1) one count of conspiracy with intent to distribute 50 grams or more of cocaine base and 500 grams or more of cocaine; 2) two counts of possession with intent to distribute a quantity of cocaine; 3) one count of using and carrying a firearm during and in relation to a drug trafficking crime; and 4) one count of being a felon in possession of a firearm. ECF No. 121. He was sentenced to 420 months of imprisonment followed by a 10-year term of supervised release. ECF No. 145. BOP records reflect that his projected release date is September 28, 2042.

## APPLICABLE LAW

Absent certain exceptions, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of those exceptions is the compassionate release statute. That statute provides, in relevant part, as follows:

1

> [T]he court, . . . upon motion of the defendant . . . , may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) . . . , if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). "A defendant who seeks compassionate release under § 3582(c)(1)(A)(i) has the burden of establishing that such relief is warranted." *United States v. Edwards*, 451 F. Supp. 3d 562, 565 (W.D. Va. 2020).

The Sentencing Commission has issued a policy statement addressing compassionate release motions—§ 1B1.13. But prior to the passage of the First Step Act, compassionate release motions could only be filed by the BOP, so § 1B1.13 by its terms only applies to BOP motions. *See United States v. McCoy*, 981 F.3d 271, 275–76 (4th Cir. 2020) (explaining the First Step Act's changes to the compassionate release statute). There is no corresponding policy statement addressing compassionate release motions filed by inmates. Thus, in *McCoy*, the Fourth Circuit held that, when considering an inmate's compassionate release motion, § 1B1.13 is not an "applicable policy statement[]." *Id.* at 284. But while § 1B1.13 may not directly apply to an inmate's motion, "it remains helpful guidance." *Id.* at 282 n. 7.

While § 1B1.13 may provide guidance, it is not an "applicable policy statement[]," so "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d. Cir. 2020)) (emphasis in original); *see also United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021). Ultimately, the determination of whether a case presents extraordinary and compelling reasons

2

warranting a sentence reduction is a question reserved to the sound discretion of the district court.

## DISCUSSION

In Defendant's motion and reply, he states that a sentence reduction is appropriate due to the impact of COVID-19 at the facility where he is imprisoned and because his medical conditions enhance his risk of complications if he were to contract the virus. ECF No. 204 at 1; ECF No. 217 at 2. He also states that he contracted COVID-19. ECF No. 217 at 1. He also argues that he would not be a danger to the community if released. *Id.* at 3.

The Government opposes his motion, arguing that he has not established that "extraordinary and compelling reasons" warrant a sentence reduction and that the § 3553(a) factors weigh against release. ECF No. 216 at 8-13. The Government cites the seriousness of Defendant's federal offenses (the instant offenses) and his criminal history in support of its argument. *Id.* at 12.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report (PSR) and has considered the statutory penalties, the Guidelines range, applicable caselaw and statutory law, all of the § 3553(a) factors, and his post-sentencing conduct.[1] In light of those considerations, the Court concludes that Defendant has not shown that

---

[1] The Court has considered in its analysis each of the issues raised in Defendant's filings, including (1) his medical conditions in light of COVID-19; (2) the way that the BOP is managing the pandemic at its facilities; (3) his programming and education courses while incarcerated; and (4) his rehabilitation efforts.

3

"extraordinary and compelling reasons" warrant a reduction or that the § 3553(a) factors weigh in favor of release. The Court's reasons for reaching this conclusion include (1) Defendant's medical records that indicate treatment and care, (2) the seriousness of the instant offense, and (3) his criminal history that involves additional significant conduct.

As to the "extraordinary and compelling reason" standard, the Court has considered all of the circumstances and arguments raised by Defendant and concludes that he has not established an "extraordinary and compelling reason" that warrants a sentence reduction. Defendant states that he has "been diagnose[d] with high blood pressure and high cholesterol and struggle[s] with obesity." ECF No. 204 at 1. However, he failed to provide medical records to verify those alleged conditions. He did provide medical documentation showing he tested positive for COVID-19 on December 20, 2020. ECF No. 217-2 at 2. The records reflect that he was proscribed medication to treat his symptoms and was counseled on "access to care" and "plan of care." *Id.* at 5-6. Defendant did not supplement his motion with updated medical records showing he experienced significant complications from his COVID-19 infection in December, nor did he provide medical records substantiating his alleged underlying conditions. Therefore, the Court finds that Defendant has not established an "extraordinary and compelling reason" that warrants release.[2]

---

[2] The Court also notes, as stated in the Government's brief, that the BOP began administering COVID-19 vaccines to inmates and staff in January 2021. According to BOP records, approximately 158,467 doses have been administered as of May 4, 2021. Specifically, Thomson USP (Defendant's facility) has fully inoculated 210 staff members and 447 inmates.

4

Even if Defendant had established an "extraordinary and compelling reason," the Court concludes that Defendant's motion would still be denied based on its analysis and balancing of the § 3553(a) factors. The Court has balanced those factors in light of the compassionate release issues not in play at the original sentencing. *Kibble* at 335 (Gregory, C.J., concurring). In conjunction with the § 3553(a) factors, it is appropriate to highlight the facts of the instant offense and Defendant's criminal history. Prior to Defendant's federal conviction, his criminal history spanned over a decade and included the following convictions: 1) Burglary 2nd (juvenile adjudication), 2) unlawful carrying of a weapon, 3) distribution of crack cocaine, 4) carrying a pistol, 5) malicious injury to real property, 6) simple assault and battery (Defendant beat the victim "about the face and other parts of his body causing severe swelling to his face necessitating medical care"), 7) resisting arrest, 8) simple assault, 9) failure to stop for blue light and siren, 10) assault and battery, and 11) seven convictions related to possession of marijuana. PSR ¶¶ 80-84, 86, 89, 90, 92, 93-96. Defendant's criminal history resulted in 18 criminal history points which placed him in a criminal history category of VI. PSR ¶¶ 98, 99. The Court concludes that Defendant's criminal history weighs against release.

After serving his sentences for those offenses he committed the instant offenses—more significant drug and firearm crimes. The facts surrounding the instant offenses are outlined in Paragraphs 11 – 73 of the PSR, but the Court notes that Defendant was involved in a substantial drug trafficking operating involving firearms. He was a significant drug dealer and was held accountable for 908 grams

of crack cocaine and 1.39 kilograms of powder cocaine. PSR ¶ 111, ECF No. 146. Significantly, he received a three-level enhancement for "discharging a firearm into the residence of [the] Williamsburg County Sheriff's Office deputy" who arrested him. PSR ¶ 113. Specifically, Defendant shot into the residence of the officer at night when he and his family were home. PSR ¶ 54-58. The shooting was in retaliation for Defendant's arrest. PSR ¶ 56. Law enforcement recovered eight (8) rounds fired from a .223 caliber rifle. PSR ¶ 54. Defendant also received a two-level obstruction enhancement for threatening cooperating witnesses and lying under oath. PSR ¶ 115. Notably, Defendant threatened to kill his girlfriend if she told police about his criminal conduct. PSR ¶ 56. A review of the facts of the instant offense leads the Court to conclude that the seriousness of the instant offense also weighs against release.

The Court further notes that Defendant was sentenced to 420 months—a sentence at the bottom of the Guidelines range. The Guideline range on Counts 1, 2, 4 and 6 was 360 months to Life, and the Court imposed 360 months. PSR ¶ 148. As to Count 5, the 924(c) gun conviction, the minimum was 60 months, and the Court imposed that minimum consecutive to the 360 months. *Id.* As a result, Defendant was sentenced to an aggregate sentence of 420 months: 360 months (bottom of the Guideline range on Counts 1, 2, 4, and 6); 60 months consecutive on Count 5 (statutory minimum). His criminal history category was VI. That sentence was and is necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public. He has served approximately 150 months of that sentence, or approximately 36

6

percent. These considerations also weigh against release.

In light of the seriousness of the instant offense, and Defendant's criminal history that demonstrates repetitive criminal conduct and disrespect for the law, the Court finds that the § 3553(a) factors weigh against release. Because Defendant has not established that an "extraordinary and compelling reason" warrants release, and because the Court concludes that the § 3553(a) factors weigh against a reduction, Defendant's compassionate release motion, ECF No. 204, is **DENIED**.[3][4]

**IT IS SO ORDERED.**

<u>s/ Terry L. Wooten</u><br>
Terry L. Wooten<br>
Senior United States District Judge

May 5, 2021
Columbia, South Carolina

---

[3] To the extent he seeks an order directing the BOP to grant him an early release to home confinement pursuant to the CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020), the Court does not have discretion to issue such an order. *See, e.g.*, *United States v. Hendrix*, No. 1:10-cr-00067-MR-WCM-2, 2020 WL 2319698, at *1 (W.D.N.C. May 11, 2020) ("The discretion to release a prisoner to home confinement lies solely with the Attorney General. The legislation recently passed by Congress to address the COVID-19 pandemic does not alter this." (citations omitted)).

[4] The Court has given careful and full consideration to the Fourth Circuit's recently issued opinion, *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021), and has applied the standards set forth therein.